# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILLIAM CHARLES SERNA,

     Plaintiff,

v.                                           No. CIV-07-0176 WJ/CEG

ATTORNEY: LILLIAN GARCIA KELLY,
ATTORNEY: JOHN BIGELOW,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial partial payment toward the filing fee will be waived, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants a state public defender and an assistant public defender

assigned to represent Plaintiff in a state criminal prosecution. Plaintiff alleges that Defendant Kelly violated several of his constitutional protections by filing a motion for competency exam and thus depriving him of a speedy trial. No separate allegations are made against the Defendant Bigelow. The complaint seeks damages.

Plaintiff's allegations fail to state claims on which relief can be granted against Defendants Kelly and Bigelow. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's civil rights complaint. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has

no assets and no means by which to pay the designated filing fee.  The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

    IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and, in accordance with Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

UNITED STATES DISTRICT JUDGE